Nancy Jane GEIGER, Plaintiff–
Appellant,

v.

CITY OF CHINO, a municipal entity;
et al., Defendants–Appellees.

No. 14–56865

United States Court of Appeals,
Ninth Circuit.

Submitted August 16, 2016 *

Filed August 24, 2016

Nancy Jane Geiger, Covina, CA, Pro Se.

Before: O'SCANNLAIN, LEAVY, and
CLIFTON, Circuit Judges.

MEMORANDUM **

Nancy Jane Geiger appeals pro se from the district court's order denying her request to proceed in forma pauperis ("IFP") in her 42 U.S.C. § 1983 action alleging federal claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's conclusion that Geiger's action is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), *Beets v. County of Los Angeles*, 669 F.3d 1038, 1041 (9th Cir. 2012), and for an abuse of discretion the district court's denial of leave to proceed IFP, *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). We affirm.

The district court properly concluded that Geiger's action is *Heck*-barred be-

cause success on her claims would necessarily demonstrate the invalidity of her infraction conviction, and she failed to allege that her conviction had been invalidated. *See Whitaker v. Garcetti*, 486 F.3d 572, 583–84 (9th Cir. 2007) (irrespective of the relief sought, *Heck* bars § 1983 claims which would necessarily imply the invalidity of a conviction, unless the plaintiff can show that the conviction has been invalidated); *see also Lyall v. City of Los Angeles*, 807 F.3d 1178, 1190–92 (9th Cir. 2015) (concluding plaintiff's claims were *Heck*-barred where they necessarily called into question his infraction conviction and he failed to challenge the conviction prior to filing the § 1983 suit). Thus, the district court did not abuse its discretion in denying Geiger leave to proceed IFP. *See O'Loughlin*, 920 F.2d at 617.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.